We'll hear the last case on the calendar, McPherson v. Tompkins. McPherson, you may proceed when you're ready. Thank you. My name is Stanley West McPherson. I'm a pro se litigant appellate. I would like to address the court. Good morning. And I would like to, for the record, to certify my right to segregation here for the record for the bond of the appellate that it would be turned over to me. So I'm certifying my right to segregation for the record. All right. I'm not sure what that means, but go ahead. You can proceed with your argument. Okay. Thank you. Thank you. Okay. First of all, I want to object to the five-minute period that I am allowed for the other defendants. Your objection is overruled. Most courts don't allow pro se's any time. Our court has a tradition of allowing pro se's some time, but it is five minutes. Thank you. Thank you very much. Okay. I'm opening up with the procedure of federal rules and civil procedures of the two district judges in the lower courts. District judge, senior judge, Peebles, the magistrator, and also McVoid, where they made a decision, and they did not give me a scheduled conference on the federal rules and civil procedures 16A and 16B. Then they also refused to hear more motions. As I put them in, I just put them in for the record and went to appeal. Also, the defendant, Thomas P. Smith, purged himself, 28 U.S.C. Code 1746. He purged himself to the court intelligently. He intentionally lied and misrepresented the truth to the court. When I sent documents to him, he refused to receive it. Then when they came back, the postal said, did you send this man something? I said, yes. Did you have his address? I said, I have it. He sent it back. He wrote on there, it's in the brief, that I'm not Thomas P. Smith. Yet, in the lower court, district court, he was that man. I am bringing that argument for him. Then also, the district judge made errors far as all of the federal rules and procedures. 56E, in turning a dismissal into a summary judgment, which even in this court, Second Circuit, Stanley McPherson v. Cobley, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 173, 133, 173, 173, 173, 173, 173, 173, 173, 133, 175. So, how do you point to that? Okay. Look at 173. We would simply rest on the decision of Judge Thomas McAvoy in our briefing in this case, although I'd be happy to address any questions that the panel has. Thank you. Thank you. Mr. McPherson, you can use your minute if you like, even though there was no argument. Is there anything you want to add? Go ahead. Okay. I just want to acknowledge that the United States Supreme Court has also derived the authority of the federal rules and civil procedure to make sure that the courts follow the authority and the federal law of the procedure. In this case, these are professionals in the lower court, and it seems like that the law was violated. And also, District Judge, the circuit judge of this court, Robert Kamen, acknowledged that the judges got it wrong, but he stopped and did not say that they violated the federal law and the procedure. So, here, what I'm looking at is under rule, under these procedures, the rules enacting 28 U.S.C. 2071, it shows that all courts, federal courts, must follow the federal rules and the procedure. That is, yes. Thank you. You're out of time. We have your papers. We will read them. Thank you very much. Thank you for your argument. That completes the calendar for today. We have some motions. They are on submission. I'll ask the deputy to adjourn.